Morris Pinselgold v. The State.

No. 7892.    Decided November 14, 1923.

Rehearing denied January 9, 1924.

1.—Theft—Sufficiency of the Evidence.

Where, upon trial of felony theft, the issues of fact raised by the testimony was a question for the jury to determine, and being sufficient to support the conviction the verdict will not be disturbed.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of felony theft; penalty, three years imprisonment in the penitentiary.

*Bauer & King* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, Judge.—Conviction is for felony theft with an assessed punishment of three years in the penitentiary.

No objection appears to have been made to the reception or rejection of any evidence, and no exceptions whatever are found in the record to the charge of the court or to any other proceeding. The only thing left for review is the sufficiency of the evidence.

Appellant was indicted for the theft of thirty-six suits of clothes and a case of domestic from Sam Disterbach. Three parties seem to have been involved in the transaction out of which the prosecution grew, appellant, Louis Felesky and Henry Bauer. Disterbach had received a shipment of goods which were packed in boxes and which had been placed upon the sidewalk in front of his store in the city of Dallas. Three of the boxes had been unpacked. Felesky who claimed

to be acting under the direction of appellant negotiated for the pur-
chase of the empty boxes from Disterbach, but when an express
wagon was called to haul them off not only the three empty boxes but
the two boxes containing the thirty-six suits of clothes and the do-
mestic were also placed in the express wagon. All three of the parties
appear to have been present at this time. The loss of the goods was
discovered soon after they were taken and the next day were found
by detectives in a room in Fort Worth occupied by the three parties
heretofore named. Appellant, Bauer and Felesky all testified. Fe-
lesky and Bauer in their evidence undertook to shift the responsibility
for the theft upon appellant, while appellant, with equal postiveness
fixed the responsibility therefor upon Felesky and Bauer. The issues
of fact raised by the testimony was a question for the jury to deter-
mine and being sufficient to support the conviction we would not be
authorized to disturb the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 2, 1924.—REPORTER.]